STATE of Minnesota, Respondent,

v.

Ricky Neil TUCKER, Appellant.

No. C0-84-959.

Court of Appeals of Minnesota.

June 4, 1985.

Review Denied Aug. 20, 1985.

Hubert H. Humphrey, III, Atty. Gen., Michael K. Jordan, Sp. Asst. Atty. Gen., St. Paul, Fred R. Kraft, Mower County Atty., Austin, for respondent.

David W. Larson, Minneapolis, for appellant.

Heard, considered, and decided by WOZNIAK, P.J., and FOLEY and CRIPPEN, JJ.

## OPINION

WOZNIAK, Presiding Judge.

Ricky Tucker was convicted, after a jury trial, of two offenses: (1) fleeing a police officer in a motor vehicle in violation of Minn.Stat. § 609.487 (1982); and (2) assault in the second degree in violation of Minn. Stat. § 609.222 (1982). He was also convicted by the court, under stipulated facts, of felon carrying a handgun in violation of Minn.Stat. § 624.713(b) (Supp.1983).

On appeal, Tucker claims the conviction is invalid because he was denied his constitutional right to confront witnesses against him. He also claims that the court erred in determining his sentence in that it miscalculated his criminal history score. We affirm as modified.

## FACTS

### BACKGROUND

Ricky Tucker, 29 years old, is originally from Columbus, Ohio. In 1974 he was convicted of felonious assault in Ohio.

In 1981 Tucker moved to Austin, Minnesota where he opened a cleaning business, "Cleaner Cleaners." In 1982 he was the defendant in two Mower County district court trials. Both trials resulted in acquittals.

In May 1983, Tucker filed a notice of claim against the City of Austin in relation to these two prosecutions. The basis of Tucker's claim was that law enforcement agents of the City of Austin had violated his civil and constitutional rights during the course of those proceedings. Three Austin police officers, involved in the instant litigation, played instrumental roles in the two 1982 prosecutions. The officers are: Detective Kenneth Hines, Deputy Duane Klingerman, and Deputy Dale Russell. Additionally, Tucker had performed a cleaning job for Officer Klingerman. A dispute arose as to the quality of the work. Klingerman filed a civil claim against "Cleaner Cleaners" which is still pending.

### CURRENT LITIGATION

On August 23, 1983, Detective Hines received a call from the Pennsylvania State Police advising Hines that there was an outstanding Pennsylvania warrant for the arrest of Ricky Tucker on various charges, including robbery. Hines was alerted that Tucker had a handgun in his possession. The trooper also advised Hines that Tucker had revealed to his brother that he intended to get even with certain Austin residents because of their involvement in the two criminal prosecutions the year before.

Because Hines knew Tucker, he began to periodically check the residences of Tucker's friends. On August 25, 1983, Hines saw a car drive out of the garage of one of the houses he had been watching, and suspected that the driver was Tucker. Hines followed the car onto the highway, where it traveled at a high rate of speed and then exited on the 4th Street exit.

Hines radioed Deputies Russell and Klingerman for help. Hines and Russell decided to stop Tucker at an intersection. Russell, in a marked police car and uniform, stopped in front of Tucker's car and turned on his red lights. Hines, in an unmarked car, pulled up behind Tucker's vehicle. Tucker stopped, then suddenly accelerated and drove off.

Hines and Russell pursued the speeding vehicle. Hines fired a shot intending to disable the vehicle, but to no avail. Once

again, however, Tucker stopped and Hines and Russell pulled up behind him. Tucker sped off again. The flashing lights and the siren of the squad car were in operation throughout the chase.

Finally, Russell ran Tucker off the road. Tucker fired at Russell and Russell fired back. Russell wounded Tucker in the shoulder.

Tucker testified at trial that he did not realize that the officers were after him. His defense was that he and Russell had a history of conflict and that he believed that Russell was out to get him, and that he shot at Russell in self-defense.

The court allowed general mention of previous conflicts, but disallowed extensive testimony about each of the previous criminal investigations or charges concerning Tucker, or of the notice of a civil claim that he had filed against the County.

Tucker was convicted by a jury of two offenses; fleeing a police officer in a motor vehicle, and assault in the second degree. He was also convicted by the court, under stipulated facts, of a felon carrying a handgun.

The trial court sentenced Tucker to 44 months. This is the presumptive sentence for a defendant with a criminal history score of 4 convicted of second degree assault, a severity level VI offense.

### ISSUES

1. Did the trial court deny appellant his constitutional right of confrontation by limiting his cross-examination of certain witnesses?

2. Did the trial court err in determining Tucker's sentence by miscalculating his criminal history points?

### ANALYSIS

#### I.

██ The Sixth Amendment guarantees the right of an accused in a criminal prosecution "to be confronted with the witnesses against him." U.S.Const.Amend. VI; *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105,

39 L.Ed.2d 347 (1974). The right of cross examination is one of the primary interests secured by the confrontation clause. *Davis*, 415 U.S. at 315, 94 S.Ct. at 1109. However, cross-examination is subject to the broad discretion of a trial judge to make evidentiary rulings as part of the trial procedure. *Id.* at 316, 94 S.Ct. at 1110. *McCormick on Evidence*, § 29 (1972).

Three of the State's witnesses, Officers Hines, Klingerman, and Russell had had prior experiences with Tucker. The trial court permitted testimony as to the hostility between Tucker and the officers, but limited testimony as to their prior contacts. The court excluded any testimony about incidents connected with the two criminal prosecutions. Tucker claims that, because the court limited his cross-examination of the officers, he was denied his constitutional right to confrontation.

Tucker's claim is without merit. In any assault case where the defendant claims he acted in self-defense, the existence of bad feelings or old grudges is relevant to show whether the defendant had a reasonable fear of being unjustifiably attacked, and whether he acted reasonably in response thereto. Nevertheless, if permitted to exploit the previous matters in detail, the parties would find themselves relitigating the previous conflicts, the merits of which would be collateral to the instant assault. The resultant danger would be jury confusion and needless presentation of cumulative evidence.

Minn.R.Evid. 403 provides for such an eventuality:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of evidence.

Trial courts have extensive discretion in determining the latitude to be allowed on cross-examination. *Anderson v. United States*, 369 F.2d 11, 17 (8th Cir.1966), *cert. denied*, 386 U.S. 976, 87 S.Ct. 1171, 18

L.Ed.2d 136. At a certain point, examination of an arresting officer's attitudes simply becomes collateral to the issues at hand. *United States v. Turchick*, 451 F.2d 333, 338, n. 3 (8th Cir.1971).

■ Here, considerable latitude was allowed in presenting evidence of past conflicts. Hines admitted on cross-examination that hostile feelings contributed to his attempts to disable Tucker's car. Hines testified that he believed that if Tucker were not captured immediately, a shoot-out between Tucker and the officers might occur. In addition, the jury knew that Hines was on Tucker's revenge list and counsel was also permitted to and did question a witness concerning derogatory statements made by Hines about Tucker. Further, the court ruled that counsel could ask questions about the civil action and inquire into whether Klingerman discussed this action with other officers. Under these facts, we cannot say that the trial court abused its discretion.

Tucker succeeded in getting before the jury the long history of prior hostile confrontations between him and the officers. Since this evidence was introduced and he was allowed to present his defense, any claimed error was harmless. *State v. Leecy*, 294 N.W.2d 280, 283–84 (Minn.1980).

## II.

■ It is undisputed that the trial court erred in sentencing Tucker to 44 months. On appeal, the State concedes that defendant's criminal history score is one rather than two. And, because the court made it clear that it intended to sentence Tucker according to the guidelines and the mandatory minimum provisions of Minn.Stat. § 609.11, subd. 5, the sentence is reduced to 36 months.

## DECISION

The trial court did not abuse its discretion in limiting appellant's questions when cross-examining the police officers.

Tucker's sentence is reduced to 36 months.

Affirmed as modified.